O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 97-4914 AHM (Ex) | Date | September 10, 2008 |
|---|---|---|---|
| Title | VINCENT CUSANO v. GENE KLEIN, *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Sandy Eagle | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:    Attorneys **NOT** Present for Defendants:

**Proceedings:**    IN CHAMBERS (No Proceedings Held)

The Court DENIES Plaintiff Vincent Cusano's "Motion for An Unsecured Stay of Enforcement and Execution of Judgment. . . ."[1]  Plaintiff requests an unsecured stay under Federal Rule of Civil Procedure 62 of the execution and enforcement of judgments amended by this Court's February 22, 2008 order.  In essence, he seeks to stop garnishment of his music royalties and to obtain a reimbursement of funds that have already been garnished.

In his barely comprehensible motion papers, Plaintiff repeats many of the contentions that this Court and the Ninth Circuit have previously rejected.  In particular, Plaintiff repeats his contention that his music royalties should be considered wages or earning for the purposes of exemption from Defendants' levy.  *See* Mem. at 1, 2.  This issue is currently before the Court of Appeals in Plaintiff's appeals of this Court's rulings permitting Defendants to levy Plaintiff's music royalties (Ninth Circuit Case Nos. 06-56871 and 07-55228).  Therefore, the Court lacks jurisdiction to consider this issue. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).

The Court also lacks jurisdiction to consider Plaintiff's baseless contention that the merits of the underlying judgment against him are once again subject to challenge.  The Ninth Circuit affirmed that judgment in 2005. *Cusano v. Klein*, 153 Fed. Appx. 998, 1000 (9th Cir. 2005).  Plaintiff appears to argue that this Court's February 22, 2008 order, which added the Ninth Circuit's monetary sanctions for his frivolous appeal to the amount of the judgment, somehow re-opened litigation in this Court and in the Ninth

---

[1] Docket No. 623.

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 97-4914 AHM (Ex) | Date | September 10, 2008 |
|---|---|---|---|
| Title | VINCENT CUSANO v. GENE KLEIN, *et al.* | | |

Circuit on the merits of the underlying judgment. He also argues that evidence that the judgment was obtained by Defendants' fraud supports his continuing challenge to Defendants' right to collect. Plaintiff's contentions lack legal and factual support.

Moreover, Plaintiff has not shown that he is entitled to a stay of execution pending the Ninth Circuit appeals. Plaintiff makes no attempt to demonstrate that he has any realistic possibility of succeeding on the merits of his claim concerning wage garnishment. *See* Mem. at 20-22, Reply at 6-19. Rather, his arguments are directed at the merits of the underlying judgment. As to his contention that garnishment of his royalties has inflicted undue hardship on him, these claims lack evidentiary support. Because Plaintiff's motion totally lacks merit and is frivolous, his motion for a stay is DENIED. No hearing is necessary. Fed. R. Civ. P. 78; L. R. 7-15.

This Court has cautioned Plaintiff that filing frivolous claims could lead to sanctions. *See* Civil Minutes, Feb. 5, 2007 ("Plaintiff is hereby advised: if he files any further frivolous or meritless motions or papers and defendants establish a basis for relief under Rule 11, Section 1927 of Title 28, or the Court's inherent power, the Court will impose substantial sanctions upon him.") Indeed, the Ninth Circuit also has imposed sanctions on Plaintiff for pursuing a frivolous appeal of the judgment, yet he continues to make similar arguments challenging the judgment. *See Cusano*, 153 Fed. Appx. at 1000. Plaintiff is ORDERED to SHOW CAUSE in writing, and to file a sworn declaration, why he should not be ordered to pay $1,000 to the Clerk of the Court, such payment to be made not later than October 10, 2008. Plaintiff shall show such cause by September 26, 2008. (No continuances will be granted.)

:

Initials of Preparer      se